IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONIA SCOTT,         Petitioner | : : : | |
| | : | No. 1:20-cv-00828 |
| v. | : : | (Judge Kane) |
| PIKE COUNTY CORRECTIONAL FACILITY, et al.,         Respondents | : : : | |

**MEMORANDUM**

On May 11, 2020, pro se Petitioner Tonia Scott ("Petitioner"), who is presently confined at the Pike County Correctional Facility in Lords Valley, Pennsylvania ("PCCF"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York. (Doc. No. 1.) In an Order dated May 13, 2020, that court transferred the above-captioned case to this Court for further proceedings. (Doc. No. 2.) In an administrative Order dated May 21, 2020, this Court directed Petitioner to either pay the requisite filing fee or file a completed motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 5.) Petitioner paid the requisite filing fee on May 29, 2020.

In an Order dated July 28, 2020, the Court noted that as a pretrial detainee, Petitioner could not proceed pursuant to § 2254 because she is not in custody pursuant to a state court judgment. (Doc. No. 8 at 2.) The Court, therefore, construed Petitioner's petition as one brought pursuant to 28 U.S.C. § 2241. (Id. at 2-3.) The Court noted, however, that it could not discern whether Petitioner had set forth a cognizable claim for relief pursuant to § 2241. (Id. at 3.) The Court dismissed any claims made by Petitioner on behalf of the other members of her "tribal government" without prejudice. (Id. at 4.) The Court also dismissed Petitioner's claims

challenging her conditions of confinement at PCCF without prejudice to her right to raise them in a separate lawsuit pursuant to 42 U.S.C. § 1983.  (Id.)  Finally, the Court directed Petitioner to file an amended § 2241 "against the proper respondent and setting forth only her grounds for relief supporting her request for release from incarceration" within thirty (30) days.  (Id.)  The Court advised Petitioner that if she failed to file an amended § 2241 petition, the Court would proceed on her original petition "only with respect to her claims that her bail violates the Eighth Amendment and that her prosecution violates principles of Native American tribal immunity." (Id.)

Petitioner filed her amended § 2241 petition on August 13, 2020.  (Doc. No. 10.)  In an Order dated that same day, the Court directed Respondents to file a response to the amended § 2241 petition within twenty (20) days.  (Doc. No. 11.)  Petitioner filed her traverse on September 16, 2020.  (Doc. No. 13.)  Accordingly, Petitioner's § 2241 petition is ripe for disposition  For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice for failure to exhaust her state court remedies.

I.     BACKGROUND

On November 18, 2019, the Pennsylvania State Police charged Petitioner with numerous offenses, including aggravated assault, terrorism, kidnapping, burglary, robbery, criminal trespass, theft by unlawful taking or disposition, terroristic threats, criminal mischief, firearms offenses, unlawful body armor, unlawful restraint, simple assault, reckless endangerment, conspiracy, and possession of an incapacitation device.  (Doc. No. 12-1 at 3-4.)  On that same day, Pike County Magisterial District Judge Paul Menditto denied Petitioner bail because Petitioner posed a flight risk and had been charged with terrorism.  (Id. at 2.)  Petitioner was committed to PCCF for pretrial detention.  (Id. at 1.)

On December 9, 2019, the majority of the charges noted above were bound over to the Court of Common Pleas for Pike County, Pennsylvania for further proceedings. See Commonwealth v. Scott, Docket No. CP-52-CR-0000687-2019 (Pike C.C.P.). On January 13, 2020, Petitioner filed a pro se petition to dismiss and release Indian/trial property due to a defect in jurisdiction in the trial court. See id.; (Doc. No. 12-3). Judge Gregory H. Chelak denied her petition without prejudice on January 16, 2020. See Scott, Docket No. CP-52-CR-0000687-2019; (Doc. No. 12-4). On February 11, 2020, Petitioner filed a pro se petition to resubmit her petition to dismiss. See Scott, Docket No. CP-52-CR-0000687-2019; (Doc. No. 12-5). On February 25, 2020, Judge Chelak entered an order granting Petitioner's counsel ten (10) days to review and determine whether to adopt the pro se petition. (Doc. No. 12-6.) On March 6, 2020, counsel filed a response indicating that he could not adopt the petition as submitted. (Doc. No. 12-7.) On June 30, 2020, Judge Chelak granted Petitioner's counsel's motion for an incompetency examination. (Doc. No. 12-10.) A pretrial conference is scheduled for October 5, 2020. See Scott, Docket No. CP-52-CR-0000687-2019.

Petitioner is also facing charges in two (2) other criminal matters in the Court of Common Pleas for Pike County. On December 9, 2019, Petitioner was charged with defiant trespass. See Commonwealth v. Scott, Docket No. CP-52-CR-0000096-2020 (Pike C.C.P.). Petitioner's bail was set in the amount of $25,000.00. See id. On March 3, 2020, Petitioner filed a pro se petition to recuse arguing that the trial court lacked jurisdiction over her based upon principles of Native American sovereignty. See id.; (Doc. No. 12-8). Petitioner's arraignment on this charge is scheduled for October 8, 2020. See Scott, Docket No. CP-52-CR-0000096-2020.

On February 5, 2020, Petitioner was charged with simple assault, harassment, and aggravated assault—attempt to cause or cases bodily injury to designated individuals. See Commonwealth v. Scott, Docket No. CP-52-CR-0000211-2020 (Pike C.C.P.). Petitioner's bail was set at $100,000.00. See id. On June 23, 2020, the aggravated assault charge was dismissed by information. See id. Petitioner's arraignment on the remaining charges is scheduled for October 8, 2020. See id.

In her amended § 2241 petition, Petitioner refers to herself as the Principal Chief of the Saw Creek and Pine Ridge Indian Community. (Doc. No. 10 at 14.) According to Petitioner, the Saw Creek and Pine Ridge Indian Community "is a self-governing political entity with three (3) branches of government[:] the legislative, executive[,] and judicial." (Id. at 15.) Petitioner first alleges that the Saw Creek and Pine Ridge Indian Community never contracted with the Pennsylvania State Police for law enforcement services and, therefore, the arresting officers had no authority to arrest her. (Id. at 10-12.) Petitioner also asserts that officers at PCCF have physically and psychologically abused her by subjecting her to multiple physical assaults and two (2) "unwarranted pepper spray attacks."[1] (Id. at 12-13.) Petitioner vaguely suggests that her Eighth Amendment right to be free from excessive bail has been violated. (Id.) Finally, Petitioner argues that the state courts have no authority over her because the Saw Creek and Pine Ridge Indian Community is a sovereign entity. (Id. at 14-19.) As relief, Petitioner seeks immediate release as well as the release of her personal property from the Pennsylvania State Police. (Id. at 19.) In response, Respondents maintain that Petitioner's amended § 2241 petition

---

[1] In her traverse, Petitioner vaguely references instances of mail censoring occurring at PCCF. (Doc. No. 13 at 1.) The Court, however, previously dismissed any claims concerning conditions of confinement at PCCF without prejudice to Petitioner's right to assert them in a separate lawsuit brought pursuant to 42 U.S.C. § 1983. (Doc. No. 8 at 3-4.) The Court, therefore, will not address these claims in this Memorandum.

should be dismissed for Petitioner's failure to exhaust any of her claims for relief in state court. (Doc. No. 12 at 7-9.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if she "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989). Because Petitioner is currently detained within the jurisdiction of this Court and asserts that her continued detention violates due process, this Court has jurisdiction over her § 2241 petition. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III.    DISCUSSION

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241. However, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" See Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore v. DeYoung, 515 F.2d 437, 445-46 (3d Cir. 1975)). Thus, a state detainee must first exhaust her state court remedies before a federal court will ordinarily consider her federal habeas claims. See Lines v. Larkin, 208 F.3d 153, 159 (3d Cir. 2000). Federal constitutional claims must be fairly presented to the state courts before the claim is considered to be exhausted. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)).

Moreover, "where state court remedies are unexhausted, principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." See Robertson v. Allegheny Cty. Ct. of Common Pleas, No. 12-

1080, 2012 WL 4712034, at *3 (W.D. Pa. Aug. 22, 2012) (internal quotation marks omitted), report and recommendation adopted, 2012 WL 4712012 (W.D. Pa. Oct. 3, 2012). Such abstention applies when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quotation omitted). If these requirements are satisfied, "abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised." See Robertson, 2012 WL 4712034, at *3.

In the instant case, a review of the state court dockets for Petitioner's state criminal proceedings indicates that she has not filed any motions seeking review of her bail determinations. Moreover, while Petitioner has filed petitions and motions challenging the jurisdiction of the trial court over her based upon principles of Native American sovereignty, the trial court has not ruled upon all of these filings, and Petitioner freely admits that she has not appealed to the state appellate courts. (Doc. No. 10 at 2-3.) Petitioner has simply failed to demonstrate the extraordinary circumstances necessary for the Court to excuse her failure to exhaust and adjudicate her claims for relief on the merits. The Court, therefore, agrees with Respondents that Petitioner has failed to exhaust hier state court remedies with respect to her claims for relief. Petitioner's § 2241 petition will, therefore, be dismissed without prejudice for failure to exhaust state court remedies.

**IV.    CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated

6

pursuant to 28 U.S.C. § 2241.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the case at bar, jurists of reason would not find the disposition of this case debatable.  Accordingly, the Court will not issue a COA in this case.

## V. CONCLUSION

For the foregoing reasons, Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 10) will be dismissed without prejudice and a COA will not issue.  An appropriate Order follows.